

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2008

# Stump v. Richland

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3810

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Stump v. Richland" (2008). *2008 Decisions.* Paper 1235.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1235

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-3810

JEFFREY R. STUMP

Appellant

v.

RICHLAND TOWNSHIP, RICHLAND TOWNSHIP BOARD of SUPERVISORS*, et al*

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(02-CV-06955)
District Court: Hon. Bruce W. Kauffman

Argued: 10/24/07

Before: McKEE, BARRY, and FISHER, Circuit Judges,

(Filed: May 13, 2008)

Charles J. Weiss, Esq.
400 Maryland Dr.
P.O. Box 7544
Fort Washington, PA 19034-7544
*Counsel for Appellant*

Frank A. Chenak, Esq.
Ballard, Spahr, Andrews & Ingersoll
1735 Market Street
51st Floor
Philadelphia, PA 19103
*Counsel for Appellee*

Opinion

McKEE, <u>Circuit Judge</u>.

Appellant Jeffrey Stump appeals an order of the district court granting summary judgment in favor of his former employer, Richland Township. For the reasons set forth below, we will reverse the district court on the First Amendment retaliation claim.

Inasmuch as we are writing for the parties who are familiar with this case, we need not set forth the factual or procedural background.

## I. General Legal Principles

A township/municipality or other public employer "may not [lawfully] discharge an employee on a basis that infringes upon the employee's constitutionally protected interest in the freedom of speech." *Rankin v. McPherson*, 483 U.S. 378, 383 (1987). Thus, public employees have the right to speak on matters of public concern without fear of retaliation from their employer. *See Baldassare v. New Jersey*, 250 F.3d 188, 194 (3d Cir. 2001). Nevertheless, when governmental entities act as employers, they have the same interest in promoting the efficiency of their employees' services as any other employer. *See Pickering v. Board of Education*, 391 U.S. 563, 568 (1968).

We engage in a three pronged inquiry when balancing the First Amendment rights of public employees with the right of governmental employers. *See Baldassare v. New Jersey*, 250 F.3d at 194-195. Plaintiff must first establish that the speech in question was

2

protected, and that it was a motivating factor in the alleged retaliatory employment action. *Id*. at 195. The employer can then rebut the claim of retaliation by establishing that it would have taken the same employment action "even in the absence of the protected conduct." *Id*. Whether the speech is protected is a question of law. Issues of causation and whether the employer would have done the same thing even absent the protected speech are questions of fact. *Id*. Here, the district court granted summary judgment to the employer after concluding that the speech in question was not protected as a matter of law. Accordingly, that is the only issue we need to address.

Speech involves a matter of public concern if the content, form, and context establish that the speech involves a matter of political, social, or other concern to the community. *Connick v. Myers*, 461 U.S. 138, 146-148 (1983). In addition, the public's interest in the speech must outweigh the government's countervailing interest in discharging its responsibilities to the public. *Id*. at 150-151.

## II. Stump's Speech

Stump's allegations that township officials violated Pennsylvania law clearly touch on matters of public concern. Speech that purports to expose wrongdoing by public officials occupies the highest rung of First Amendment protection. *Baldassare*, 250 F.3d at 198.

Accordingly, we reject the Township's attempt to negate the public nature of Stump's allegations by arguing that Stump was motivated by personal grievances.

3

Although the job dissatisfaction, employment grievances, and the relationship between Stump and the Township are all quite relevant to our inquiry, the inquiry is not controlled by Stump's motivation in making the speech. Indeed, it is to be expected that matters of public concern may sometimes only be disclosed because an employee becomes sufficiently upset about something else to finally "blow the whistle."

The Township seeks to compare Stump's speech with the speech in *Connick* and *Versarge v. Township of Clinton*, 984 F.2d 1359 (3d Cir. 1993). In both of those cases, the context of the speech established its private nature. However, the Township ignores several distinctions between Stump's speech and the speech at issue in those cases. First, the questionnaire in *Connick* contained only one question relating to a matter of public concern; the other thirteen questions related to purely personal matters regarding an employee's dissatisfaction over a transfer. *Connick*, 461 U.S. at 148-149. Moreover, the plaintiff in *Connick* admitted that her speech was motivated by a personal grievance with her supervisor. *Id*., at 153 ("Myers acknowledges that it is no coincidence that the questionnaire followed upon the heels of the transfer notice.")

The plaintiff in *Versarge* also admitted that his speech was motivated by a personal grievance, and the speech did not transcend the grievance. *See Versarge*, 984 F.2d at 1365 ("the record contains affidavits from other volunteer firefighters attesting that, shortly before writing his letter on the remodeling, plaintiff told them that he was going to make trouble for the [fire department] because of [its] . . . position on the street closure

4

issue.")

Here, however, Stump testified that he first raised his concerns one month after he began working for the Township. The district court was required to accept that testimony, and Stump's other allegations, as true for purposes of the Township's motion for summary judgment.

The district court also erred in concluding that the disruption that resulted outweighed Stump's interest in engaging in the speech. It should not be the least surprising that accusations of impropriety would cause some disruption; that does not necessarily negate the public nature of those accusations. As we explained in *O'Donnell v. Yanchulis*, 875 F.2d 1059, 1062 (3d Cir. 1989), an employee's interest in exposing wrongdoing by public officials outweighs any incidental disruption that follows. "[I]t would be absurd to hold that the First Amendment generally authorizes corrupt officials to punish subordinates who blow the whistle simply because the speech somewhat disrupted the office." *Id*. We also explained that disruption, even to the extent of demoralization, is not enough to overcome the First Amendment's protection of the public nature of such speech. *Id*.

Accordingly, we conclude that the speech here was public in nature.

### III.

### Wage Payment Collection Law Claim

The district court denied Stump's WPCL claim because the statute does not apply

to public employers.  Stump now concedes that the WPCL does not apply, but argues that his WPCL claim should be read as a breach of contract claim.  He believes that all WPCL claims include an underlying breach of contract claim, and dismissing the WPCL claim does not dismiss the underlying breach of contract claim.  We can not agree with this meritless argument.

WPCL claims differ substantially from common-law breach of contract claims, and Stump cites no cases to the contrary.  If Stump truly believes that he has a cause of action for a breach of contract he should have pled a claim for breach of contract or amended his complaint to include such a claim. Having failed to do that, he can not now attempt to try to "morph" his statutory wage claim into a breach of contract claim.

**IV.**

For all of the above reasons, we will reverse the district court's dismissal of Stump's First Amendment retaliation claim, and affirm the court's dismissal of his Wage Payment Collection Law claim.

_____